## PINKERTON v. UNITED STATES.
### Civ. No. 626.

District Court, S. D. Illinois, S. D.
July 21, 1947.

Charles E. Bliss, of Taylorville, Ill., and James B. Martin, of Springfield, Ill., for plaintiff.

Howard L. Doyle, U. S. Atty., of Springfield, Ill., Clarence J. Nickman and J. P. Garland, Sp. Assts. to the Atty. Gen., for defendant.

BRIGGLE, District Judge.

The above entitled cause on May 21, 1944 duly and regularly came on for trial and hearing before this Court sitting alone without a jury. Having considered the oral testimony, the stipulated facts, the documentary evidence, and briefs of counsel, the Court makes and publishes the following:

### Findings of Fact

The Court finds:

That upon the trial the parties through their respective counsel duly made and filed their written stipulation of facts; that as and for its findings of fact the Court adopts said stipulation as supplemented in part by the documentary evidence and finds the essential facts to be as follows:

1. This action arises under the Internal Revenue Laws of the United States and is brought by Amos M. Pinkerton, Liquidating Receiver, Mt. Auburn & Osbernville Grain Company against the United States of America to recover the sum of $7,710.76, with interest thereon, as provided by law.

2. Mt. Auburn and Osbernville Grain Company (hereinafter referred to as Mt. Auburn) was incorporated on December 3, 1908 under the laws of the State of Illinois. Under its charter, Mt. Auburn was authorized to engage in the business of dealing in grain, coal, lumber and farm implements and supplies.

3. From the date of its incorporation until 1930, Mt. Auburn actually engaged in the business of dealing in grain, being the owner of grain elevators, fixtures and equipment in the villages of Mt. Auburn and Osbernville, Christian County, Illinois.

4. On or about November 10, 1930, Mt. Auburn entered into a certain agreement with Hight and Cline Grain Corporation, a competitor, to form a new corporation which would become a tenant on the properties of the two competing corporations, i. e., Mt. Auburn and Hight and Cline Corporation. Under this agreement the new corporation (hereinafter referred to as Consolidated) was formed under the name of the Consolidated Grain Company for the purpose of operating the properties of both Mt. Auburn and Hight & Cline Corporation on a leasehold. The two competitors were thus to discontinue engaging in the grain business and were to assume the active status of landlords. The rent to be paid to each of the latter was not a fixed amount but rather a sum equal to 50 percent of the net earnings of Consolidated. There was no provision in the agreement that the rent was to be actually paid to or collected by Mt. Auburn but only that it was to be "credited" to Mt. Auburn's account on the books of Consolidated. The authorized capital stock of Consolidated was 100 shares of common stock, par value $100; 45 shares of which were issued to Mt. Auburn and one share to each of the five directors thereof, the entire 50 shares, how-

ever, being in fact the property of Mt. Auburn.

5. Consolidated entered into possession of the property of Mt. Auburn on or about December 1, 1930, pursuant to the provisions of the aforesaid agreement, and from the latter date until the sale of its property under court order on July 10, 1944, the principal source of Mt. Auburn's income was derived from rentals received from Consolidated, the lessee corporation.

6. On April 13, 1944, prior to the filing of the complaint for a Receiver hereinafter referred to, the Circuit Court of Christian County rendered certain judgments against Mt. Auburn in favor of the several creditors who thereafter became the complainants in the receivership proceedings, said judgment creditors and the amounts of their several judgments being as follows:

| | |
|---|---|
| Maurice Smith | $ 3,507.35 |
| Audrea Moore | 2,268.92 |
| Mary E. Osbern | 5,702.57 |
| C. R. Osbern | 29,538.90 |

The total amount of such judgments was $41,017.74.

7. On April 28, 1944, the aforesaid judgments creditors of Mt. Auburn filed their verified complaint in the Circuit Court of Christian County, Illinois, alleging the insolvency of said Corporation and praying for the appointment of a liquidating receiver for the liquidation of its assets and the dissolution thereof.

8. On May 26, 1944, the Plaintiff herein was appointed liquidating receiver of Mt. Auburn by the decree of the Circuit Court of Christian County, Illinois, upon the petition of the above mentioned judgment creditors, said decree providing in part as follows: "that the said receiver be and he is hereby authorized and directed to take title to and possession of all of the assets of said corporation and to take charge of, to manage, to operate and to control the same; * * * to marshal and liquidate the same and to sell, convey and dispose of, subject to the directions of this court, all, or any part, of the assets of the corporation; * * *"

9. On June 9, 1944, the plaintiff as receiver filed an inventory of the assets of Mt. Auburn, and therein listed and described the real estate belonging to Mt. Auburn, without assigning any value thereto, and also therein submitted an inventory of the personal property of Mt. Auburn as follows:

| | |
|---|---|
| Cash on hand and in bank | 26.35 |
| Accrued rentals from Consolidated Grain Company, a corporation (estimated) | 10,754.35 |
| 50 shares of capital stock of Consolidated Grain Company, a corporation (estimated value) | 5,000.00 |

10. On June 9, 1944, the receiver was ordered to sell the real estate and the 50 shares of stock of Consolidated, and to collect and retain the accrued rentals due from Consolidated to Mt. Auburn and the cash in bank.

11. Pursuant to this order of sale, the real estate and stock of Consolidated was sold at public sale on July 10, 1944, for the sum of $25,340 to C. R. Osbern, the principal creditor. The net capital gain from the sale of these assets amounted to $4,970.95. This capital gain and the rents of $15,083.24 are the amounts on which the federal taxes in dispute herein were assessed and paid.

12. During the course of the receivership, the plaintiff receiver collected various sums of money and made a number of disbursements. The receipts included the following:

| | |
|---|---|
| Sale of real estate and appurtenances | $20,340.00 |
| Sale of Consolidated Grain Company stock | 5,000.00 |
| Cash on hand | 26.35 |
| Accrued rents due from Consolidated Grain Company | 15,083.24 |

The accrued rents of $15,083.24 were reflected on the books of Consolidated as disbursements on the following dates and in the following amounts:

| | |
|---|---|
| June 2, 1944 | $ 1,000.00 |
| July 1, 1944 | 3,976.12 |
| Sept. 25, 1944 | 10,107.12 |
| | $15,083.24 |

Actual collection of these amounts by the receiver was in the form of three checks,

although the $3,976.12 collection item was deferred until September 25, 1944.

The disbursements included payments to the Secretary of State of the State of Illinois for franchise taxes of $11.63 for the period commencing July 1, 1944 and ending June 30, 1945, and payments to the County Collector for real estate taxes and a number of other items.

13. Mt. Auburn kept its books, records and accounts and filed its income tax returns upon an accrual basis for a fiscal year ending September 30th of each year. Consolidated kept its books, records and accounts upon an accrual basis for a calendar year.

14. After having obtained an extension of time for filing returns for the fiscal year ending September 30, 1944, plaintiff, on February 15, 1945, filed as Receiver for Mt. Auburn, a Corporate Income and Declared Value Excess Profits Tax Return reporting as net income the rentals of $15,083.24 and a capital gain on the sale of the land, buildings, equipment and Consolidated stock in the amount of $4,970 95. Deductions taken included those for taxes, depreciation, etc. The plaintiff paid to the Collector of Internal Revenue at Springfield, Illinois, the total tax disclosed to be due under this return, namely, $5,890.55 consisting of income taxes of $3,502.41 and declared value excess profits tax of $2,388.14. At the same time the plaintiff receiver also filed a corporation excess profits tax return and similarly paid the tax disclosed to be due thereunder, namely, $1,820.21.

15. On February 20, 1945, plaintiff filed with the Collector of Internal Revenue at Springfield, Illinois, two claims for refund, one for the entire amount of excess profits tax paid in the amount of $1,820.21, and the other for the entire amount of income and declared value excess profits tax paid in the amount of $5,890.55. The refund claims were based upon the ground that the plaintiff-receiver did not operate the business or property of the taxpayer-corporation within the meaning of Section 52 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 52, and that therefore he was not required to file returns or pay taxes thereon.

16. Six months elapsed and the Commissioner of Internal Revenue having taken no action on the refund claims, the plaintiff-receiver brought the present action in his own name as receiver to recover the sums paid as taxes totalling $7,710.76, the action being based upon the same grounds as in the refund claims attacking the validity of Sections 29.52–2 and 29.142–4 of Treasury Regulations 111 interpreting Section 52 of the Internal Revenue Code.

## Conclusions of Law

From the above facts, the Court concludes as a matter of law:

1. That Amos M. Pinkerton, Liquidating Receiver for the Mt. Auburn & Osbernville Grain Company, the taxpayer in the above cause, carried on the business of the Mt. Auburn & Osbernville Grain Company the same as it had been carried on by the taxpayer for some years preceding the inception of the taxpayer's receivership.

2. That the receiver, Amos M. Pinkerton, operated the property and business of Mt. Auburn & Osbernville Grain Company in respect to the income and profits he received during the tax period for which the taxes were assessed, viz., October 1, 1943 to September 30, 1944.

3. That during the taxable period involved, viz., October 1, 1943 to September 30, 1944, the sum of $7,710.76 represented the proper tax liability of the receiver, Amos M. Pinkerton in respect to the rental income of $15,083.24 and the capital gain of $4,970.95 realized during the period he operated the business and property of the taxpayer, Mt. Auburn & Osbernville Grain Company.

4. That the taxable income and gain thereby realized came into the hands of the receiver, Amos M. Pinkerton as a result of his management of the business and properties of and the collection of the rent due the taxpayer, Mt. Auburn & Osbernville Grain Company.

5. That Amos M. Pinkerton as receiver for Mt. Auburn & Osbernville Grain Company was legally obligated under Section 52 of the Internal Revenue Code to file a return for income and declared value excess

profits tax and excess profits tax for the fiscal year beginning October 1, 1943 and ending September 30, 1944, notwithstanding that his operations were of short duration and were not onerous in character.

6. That the Receiver, Amos M. Pinkerton, is not legally entitled to recover from the defendant, the United States, the sum of $7,710.76 or any part thereof paid as income and declared value excess profits tax and excess profits tax for the fiscal year beginning October 1, 1943 and ending September 30, 1944.

7. That the present action should be dismissed.

8. That the defendant is entitled to judgment on the merits together with allowable costs.