**PINKERTON v. UNITED STATES.**

No. 9523.

United States Court of Appeals
Seventh Circuit.

Nov. 24, 1948.

James B. Martin, of Springfield, Ill., Charles E. Bliss, of Taylorville, Ill., and Harry B. Hershey and Lee W. Ensel, both of Springfield, Ill., for appellant.

Howard L. Doyle, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill., Theron L. Caudle, Asst. Atty. Gen., Arthur L. Jacobs, Atty., Dept. of Justice, of Washington, D. C. and George A. Stinson, Ellis N. Slack, A. F. Prescott, and Clarence J. Nickman, Sp. Asst. to Atty. Gen., for appellee.

Before KERNER and MINTON, Circuit Judges, and SWYGERT, District Judge.

KERNER, Circuit Judge.

Plaintiff, as receiver of Mt. Auburn & Osbernville Grain Company (hereinafter referred to as Auburn), filed a timely claim for refund of federal income and excess profits tax which the Commissioner of Internal Revenue rejected. Upon denial of the claim, suit was instituted. The facts were stipulated. They appear in the trial judge's findings reported in D.C., 73 F. Supp. 590. The controlling facts briefly summarized are that although Auburn was originally engaged in the grain business, it entered into an agreement under which it ceased active grain operations and instead assumed the active status of a landlord-lessor. In 1944 a receiver was appointed to manage and operate Auburn. As receiver he collected rents which would have been taxable to Auburn, deferred payment of part of the rent, paid real estate taxes, sold real estate and realized a profit, that is, a net capital gain for the sale of real estate. Based on these findings the court concluded that plaintiff, as receiver, had carried on precisely the business that had been carried on by Auburn for some years preceding the receivership and that the taxable income and gain thereby realized came into his hands as a result of his management of the business and properties of and the collection of rent due Auburn. The court ruled that plaintiff was an operating receiver within the meaning of § 52 of the Internal Revenue Code, 26 U.S.C.A. § 52, and that the taxes had been properly paid; it dismissed the complaint and entered judgment for costs against plaintiff. To reverse this judgment, plaintiff appeals.

Section 52 of the Internal Revenue Code reads in part as follows: "In cases where receivers * * * are operating the property or business of corporations, such receivers * * * shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers * * * shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control."

Plaintiff makes the point that where a receiver takes immediate steps to sell and does sell all of the assets of a corporation, except those which the court appointing the receiver, ordered reserved for collection, it cannot be said that the receiver is operating the property or business within the meaning of the statute, citing among other cases, In re Owl Drug Co., D.C., 21 F.Supp. 907, and In re Heller, Hirsch & Co., 2 Cir., 258 F. 208.

In the Owl case the trustee took over the drug stores which the bankrupt had formerly operated, and after selling the business and all of its assets as a going concern, he deposited the proceeds in a bank. The court held that the interest earned on the deposits was not gain derived from the operation of the business of the bankrupt. In the Heller case the facts were that the trustee was not carrying on the business of the bankrupt, and the funds constituting the income were the result of a compromise made by the trustee of a claim for nonpayment of salary and commissions. Thus, the trustee did nothing more than collect the proceeds from a claim, which he compromised, arising from a contract entered into and completely executed by the corporation prior to the bankruptcy. We do not disagree with these decisions but, in the light of the instant facts, we do not think they are applicable here.

In our case Auburn's business was the collection of rents, and the Christian County Court entered a decree directing the receiver to take charge of, manage and operate its assets, and after plaintiff was appointed receiver he succeeded to and continued Auburn's sole business function. Under these circumstances we think he was not only operating Auburn's business, but he also took over its corporate property and in the course of his receivership he operated its property, and hence came within the meaning of § 52 of the Act. We are fortified in this conclusion by the cases presently to be discussed in which the words "operating the property or business" have received judicial construction.

It is immaterial that the receiver's activities were of short duration. Von Baumbach v. Sargent Land Co., 242 U.S.

503, 517, 37 S.Ct. 201, 61 L.Ed. 460. See also Page v. M. Rich & Bros. Co., 5 Cir., 99 F.2d 607. True, the Von Baumbach case did not involve § 52 of the Revenue Act. It was a suit to recover taxes paid under protest and assessed under the Corporation Tax Law of 1909, yet the question was whether plaintiff was doing business. The Act in that case did not require any particular amount of business in order to bring a company within its terms; neither does § 52 of the Revenue Act; Hence whether the activities are slight or of short duration is immaterial.

State v. American Bonding & Casualty Co., 225 Iowa 638, 281 N.W. 172, however did involve an interpretation of § 52 of the Revenue Act. There, as here, the receiver took over properties and collected rents. No federal income tax was paid upon the income thus derived by the receiver. The United States Government filed a claim against the corporation. The receiver filed objections to the claim contending that as the corporation had been dissolved, it could not have any income after its dissolution, and could not, therefore, be subject to any income tax. The court, in disposing of the receiver's contention, 281 N.W. at page 175, said: " * * * this receivership comes fairly within the phrase 'receiver operating the property or business,' especially in connection with the words occurring later in the statute, 'of whose business or property they have custody and control.' " In United States v. Metcalf, 9 Cir., 131 F.2d 677, the corporation had been adjudicated a bankrupt and its property was in the course of administration by a trustee for ultimate liquidation. The properties consisted of various parcels of real estate from which the trustee had collected income. The trustee contended that even if this income was acquired by him in the operation of the bankrupt's property, it was not taxable because his ultimate objective was the liquidation of the entire estate. The court held that it is what the trustee does that determines his liability, and since he had collected various kinds of income from the properties, he was doing business within the meaning of § 52 of the Revenue Act. See

also Louisville Property Co. v. Commissioner, 6 Cir., 140. F.2d 547.

 In the light of these cases and the facts in our case, we are of the opinion that the District Court correctly held that plaintiff was an operating receiver within the meaning of § 52 of the Internal Revenue Code. Consequently, the judgment must be affirmed.

Affirmed.