**UNITED STATES of America,
Appellant,**

v.

**Paul W. SAMPSELL, Trustee in Bankruptcy for the Estate of F. P. Newport Corporation, Ltd., Bankrupt, Appellee.**

**No. 14569.**

United States Court of Appeals
Ninth Circuit.

Aug. 11, 1955.

H. Brian Holland, Asst. Atty. Gen., Grant W. Wiprud, Ellis N. Slack, A. F. Prescott, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for petitioner.

Norman A. Bailie, George Bouchard, Los Angeles, Cal., for respondent.

Before STEPHENS, ORR and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

The United States of America, hereafter Government, has demanded payment of income taxes from Trustee Sampsell on income alleged to have been received by the bankrupt estate from May 26, 1952, to January 1, 1953. The Government duly filed its claim asserting a deficiency. The trustee filed objections and the referee in bankruptcy entered an order disallowing the claim. The Government petitioned the United States District Court for review. The order of the referee was confirmed. The cause was submitted on a stipulation of facts.

This is not the first time the trustee has been in disagreement with the Government over liability of the bankrupt estate for income taxes. The trustee challenged the right of the Government to collect taxes for the years 1938 and 1939. Litigation ensued and culminated in a decision of this court upholding the Government's contention, United States v. Metcalf, 9 Cir., 131 F.2d 677, certiorari denied 318 U.S. 769, 63 S.Ct. 761, 87 L.Ed. 1140. In the Metcalf case this court said that it is the nature and character of the operation of the bankrupt's property by the trustee which determines whether such operation falls within the

meaning of § 52 of the Internal Revenue Code of 1939, 26 U.S.C.A., so as to become taxable. This court, after reviewing the nature of the operations then conducted by the trustee, held the income in question to be taxable.

The Government seems to argue that the decision in the Metcalf case on facts present there, is determinative here. The Metcalf case could have that effect only in the event the facts were in substance the same as in the instant case. Subsequent to the decision in the Metcalf case and on May 26, 1952, an order of liquidation was entered directing the trustee to sell the assets of the estate either at private or public auction and close the estate. The stipulation of facts in this case shows that in 1952 much of the property of the bankrupt remained in the hands of the trustee. It is agreed that income was received by the trustee in the period in question, but there is no showing of the manner in which this income was received or its character. The trustee seems to content himself with the assertion that the order for liquidation of itself renders income thereafter received by the estate, irrespective of source or character of operations conducted, nontaxable, and relies on the case of California State Board of Equalization v. Goggin, 9 Cir., 191 F.2d 726, 27 A.L.R.2d 1211, in support of its position. We do not construe that case to so hold. True, this court gave effect to the order for dissolution, but in determining whether the income there involved was taxable this court considered what the trustee had done and whence came the income. The particular facts and circumstances under which the trustee operated were before the court. The Goggin case is in no way at variance with the holding in the Metcalf case, viz.: that it is the nature of the operation of the bankrupt's property which determines whether or not income is taxable. In the Owl Drug case[1] the court had before it the facts of what the trustee had done and the source and nature of the income

received in making its decision that the income there in question was not taxable.

■ The stipulation of facts before us gives no information as to how the trustee conducted the affairs of the estate after the order of liquidation was entered and the source of the income. The stipulation of facts before the court in the Metcalf case is made part of the record on this appeal but those facts are not competent to prove what occurred in 1952. The facts before us show the date F. P. Newport Corporation, Ltd., was declared bankrupt; that in 1938 and 1939 the trustee executed certain oil and gas leases and received substantial royalties, etc. The stipulation recounts the holding of this court in the Metcalf case, and further states that the trustee filed federal income returns showing items of income and deductions during certain of the subsequent years, and paid the tax due thereon; that on May 26, 1952, the referee in bankruptcy entered an order of liquidation; that the trustee filed a federal income tax return for 1952 which included only the income and expenses January 1, 1952 to May 26, 1952; that the Director of Internal Revenue denied the contention of the trustee that the order of May 26, 1952, relieved the trustee from any obligation to pay income taxes subsequent to May 26, 1952; and that much of the property of the corporation which came into the hands of the trustee remains unsold. It is thus apparent that this court, from the facts before it, can make no determination as to the character of the income received subsequent to May 26, 1952, and from what source received, a knowledge of which is absolutely essential to a proper solution of this case.

■ The facts presented being insufficient the question arises as to who had the burden of proof. In this connection we quote from 3 Collier on Bankruptcy, 3d ed. p. 2173: "* * * a sworn proof of a tax claim in proper form establishes a prima facie case for the allowance of the claim. The burden of

1. In re Owl Drug Co., D.C., 21 F.Supp. 907.

proof is on the claimant, but the burden of going forward and introducing evidence to rebut the prima facie case is on the objecting party." The trustee has not met this burden.

The order of the referee is reversed and the case remanded for such further proceedings as may appear necessary and proper.

Order reversed.