UNITED STATES of America,
Appellant,

v.

Paul W. SAMPSELL, Trustee in Bankruptcy of F. P. Newport Corporation, Ltd., Bankrupt, Appellee.

Nos. 15472, 15473.

United States Court of Appeals
Ninth Circuit.

May 12, 1959.

Charles K. Rice, Asst. Atty. Gen., Harry Marselli, Lee A. Jackson, Robert N. Anderson, Helen A. Buckley, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

George Bouchard; Norman A. Bailie, Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY and CHAMBERS, Circuit Judges.

### PER CURIAM.

The opinion in the above entitled case is withdrawn, and the following opinion is hereby filed. The pending petition for a rehearing is dismissed. A petition for rehearing of the case on the substituted opinion may be filed or submitted upon the briefs heretofore submitted as to the original petition.

### STEPHENS, Circuit Judge.

This case is back after a remand, United States v. Sampsell, 224 F.2d 721, and it involves the same question as on the prior appeal, i. e., the liability for income taxes of the trustee in bankruptcy after an order of liquidation has been made. The original appeal involved taxes for the year 1952. This appeal also involves the 1953, 1954 and 1955 tax years.

The bankrupt was a corporation in the realty business and was adjudged a bankrupt in 1937. A trustee in bankruptcy, Metcalf, was appointed, and he assumed control over the assets of the corporation consisting mostly of real estate. In 1950 Sampsell, the appellee (hereinafter called Trustee), was appointed as successor trustee in bankruptcy.

Prior to 1951, sale of the real estate held by the Trustee was difficult because of the rights of certain of the creditors, and very little of the property was sold up to that time. By 1952 these difficulties had been eliminated, and on May 26, 1952, the Referee made an order of liquidation directing Trustee to sell the assets and close the estate. The present appeals involve the Government's claim that Trustee is liable for federal income tax for amounts the bankrupt estate received after the order of liquidation was made.

During the period May 26, 1952, to December 31, 1952, Trustee received amounts for interest on trust deeds on the sales of property made prior to 1952, for royalties from oil leases made in 1938 and 1939, for sales of three parcels of real estate and for payments on trust deeds made in 1950. In 1953 he received oil royalties from these leases, interest on the trust deeds, and the proceeds from his sale of five parcels of land. In 1954, the Trustee received sums for oil royalties, interest on the trust deeds and payment for one parcel of land condemned by the City of Long Beach. He also arranged for the sale of the remainder of the property during the year. The bankrupt contested this last sale, however, and as a result, payment to the Trustee was not made until 1955.

After the 1952 tax year, the Government filed a claim for a deficiency which was contested by the Trustee. The Trustee claimed that the order of liquidation, by itself, rendered non-taxable all the income received thereafter. Both the Referee and the District Court held for the Trustee. In United States v. Sampsell, 224 F.2d 721, 723, this Court reversed and remanded, holding that *it is the source and character of the income received and the nature of the operation of the bankrupt's property* which will determine the taxability of the income. The case came up on a stipulation of facts, and the facts presented were insufficient to overcome the prima facie case arising from the sworn proof of the tax claims. Therefore, the case was sent

back "for such further proceedings as may appear necessary and proper."

On remand a hearing before the Referee in Bankruptcy was had and evidence taken with respect to the year 1952 (May 26 to December 31). Evidence was also taken with respect to tax years 1953, 1954 and 1955, in regard to the tax claims of the Government for those years. The tax claims for 1954 and 1955 are in the alternative and are based on the profit on the final sale of the assets of the bankrupt estate. If this income on the final sale is held to accrue in one of the two years, the Government will have no claim for the other year.

The Referee held, and the District Court affirmed, that there was no taxable income to the Trustee during the periods in question, because the Trustee, after May 26, 1952, performed only liquidating activities and did not carry on or operate any trade, property or business.

The claims for 1952 and 1953 are controlled by Section 52 of the 1939 Internal Revenue Code:

"* * * In cases where receivers, trustees in bankruptcy, or assignees *are operating the property or business* of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control." [Emphasis added.] 26 U.S.C.A. § 52.

Under that section a trustee in bankruptcy need not file a return unless he is "operating the property or business" of the corporation.

In 1952, during the May 26 to December 31 period, the Trustee received $440.00 as interest on trust deeds from sales of property made before 1952; $18,745.00 royalties on oil leases made in 1938–39; $4,510.00 as payments on trust deed of sale made in 1950; and $77,600 from three separate sales of real estate. In 1953 the Trustee received $35,394.00 as oil royalties; $117.00 as interest on the trust deeds and $19,150 for the sale of five separate parcels of real estate. A tax deficiency of $11,391.-21 and $221.19 for 1952 and 1953 respectively is claimed by the Government.

The District Court held that "When a trustee, by order of court, liquidates the business, he ceases to conduct it", [In re F. P. Newport Corporation, 144 F.Supp. 507, 509], and in the present case, the trustee was liquidating the estate during the years in question.

This would seem to imply that the order of liquidation along with the gradual selling of property held by the trustee will automatically convert an operating trustee to non-operating status. In United States v. Metcalf, 131 F.2d 677, this Court held that Sampsell's predecessor was liable for income taxes as a trustee operating the property or business of the corporation. It was contended that since the ultimate object of the trustee was to liquidate the bankrupt estate, and that, in fact some parcels of land were being sold, this would render the income non-taxable. The trustee received large amounts from oil and other leases entered into during those years. We held that the trustee was clearly operating the property of the corporation despite the gradual liquidation. The Metcalf case shows that the gradual sale of the assets of the estate is not sufficient to end the trustee's liability for income taxes. Furthermore, we held in United States v. Sampsell, supra, that the order of liquidation did not automatically result in a non-operating status for the same bankrupt estate. An order of liquidation and the gradual sale of the assets are not, necessarily, sufficient to end the taxation of the trustee in bankruptcy.

The bankrupt was a real estate corporation, and the sale of property by it could be considered as part of its normal operations as well as a liquidation. It is not the same as the selling of the tools

**634**

or equipment of production by a manufacturing company, or as the sale of trucks used in distributing produced merchandise.

The Trustee paid tax on his income until May 26, 1952. He has not shown any change of conduct or operation occurring after the order of liquidation during the years 1952 and 1953. He continued the previous practice of employing an agent to visit the leased oil fields to check production and operation. He had the right under the oil lease to choose between a royalty in kind or in cash, though he continued to accept the cash as both he and his predecessor had done.[1]

In Louisville Property Co. v. C. I. R., 6 Cir., 140 F.2d 547, the court held that the assignee was operating the property or business of the bankrupt, a real estate corporation, under Section 52, although there was an orderly liquidation of the property over the years by sale of the parcels of land, and royalties for the removal of coal and timber were received. In Pinkerton v. United States, D.C., 73 F.Supp. 590, affirmed 7 Cir., 170 F.2d 846, it was held that the court-appointed receiver of the insolvent corporation was required to pay federal income taxes despite his claim that he was not operating the property or business. The business of the insolvent corporation had been, principally, the collection of rent. For a short period the receiver collected the rent and then he liquidated the entire estate after only a few months had passed. He was required to pay taxes on the income from the rents as well as capital gains from the sale of all the assets of the insolvent corporation. See also In re Loehr, D.C., 98 F.Supp. 402, 403.

Both the above cases distinguished In re Owl Drug Co., D.C., 21 F.Supp. 907, cited by the District Court in support of its decision. In the Owl case, the business had been sold by the trustee pre-viously, and the only income received was interest from the proceeds of the sale.

█ Phrases such as "carrying on or doing business," similar to that contained in Section 52, are found in other revenue acts and have been interpreted broadly to include liquidating activities. Magruder v. Washington, Baltimore & Annapolis Realty Corp., 316 U.S. 69, 62 S.Ct. 922, 86 L.Ed. 1278; Kettleman Hills Royalty Syndicate No. 1 v. C. I. R., 9 Cir., 116 F.2d 382. Regulations interpreting such phrases in the statute to include these liquidating activities have been upheld. Magruder v. Washington, Baltimore & Annapolis Realty Corp., supra.

█ The District Court was clearly in error in failing to find that the Trustee was operating the business or property of the corporation and was required to file an income tax return and pay the tax therein under Section 52 of the 1939 I.R.C. for the years 1952 and 1953.

█ Under the 1954 I.R.C., the pertinent section is Section 6012(b) (3) which governs the returns for 1954 and 1955.

"In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, *whether or not such property or business is being operated,* such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns." [Emphasis added.] 26 U.S.C.A. § 6012(b) (3).

The District Court held that while the above section requires the trustee to file a return, the obligation of a trustee in bankruptcy to pay these taxes is imposed by Title 28 U.S.C.A. § 960, which provides as follows:

conducting business though in the tax years questioned only cash was requested. This case involved a different section of the revenue code.

---

1. It was held in Kettleman Hills Royalty Syndicate No. 1 v. C. I. R., 9 Cir., 116 F.2d 382, that the making of successive decisions whether the royalty will be taken in kind or in cash is doing or

"Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

Under the view of the lower court, the failure of Congress to amend Section 960 indicates an intent to retain the old distinction between an operating trustee and a non-operating one of Section 52 and an intent not to make any great change.

We do not agree. In the first place, the change would not be a great departure from the past because of the broad interpretation given to the phrase "operating the property or business" by both the courts and the Treasury Regulations. But, more important, Section 960 is an affirmation of tax liability and "does not exclude liability for taxes otherwise validly imposed." Brown v. Collector of Taxes for District of Columbia, 101 U.S.App.D.C. 200, 247 F.2d 786.

Under the 1939 Internal Revenue Code, Section 52 required the payment of the tax as well as the making of a return by the trustee in bankruptcy.[2] Section 960 was not needed to impose federal income tax liability on trustees. It is not likely that Congress, in passing the 1954 I.R.C. would make the income tax liability dependent on a part of the Judiciary and Judicial Procedure Code. While it is true that Section 6012 pertains only to the making of returns, Section 6151 of the 1954 I.R.C. provides that " * * *

when a return of tax is required under this title or regulations, the person[3] required to make such return shall * * * pay such tax * * *." 26 U.S.C.A. § 6151.

■ In the petition for rehearing which we have dismissed, the Trustee questions the basis used by the Government in computing the tax due. We treat that phase of the case as follows.

The Government arrived at the tax due by using the present market value of the property as compared with the market value thereof when acquired by the bankrupt. The Trustee argues that the comparison should be with the value as of the date when he, the Trustee, came into the title of the corporate property.

We see no logic in the Trustee's contention; and in the face of it, the statute provides that returns are to be made " * * * in the same manner and form as corporations are required to make such returns." Title 26 U.S.C.A. § 6012 (b) (3).

"In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns."

Reversed and remanded.

---

2. "Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations * * *." Title 26 U.S.C. 1952 Ed., Sec. 52.

3. The term "person" generally does not include trustees in bankruptcy (Title 26 U.S.C. § 7701), but it would seem to be so intended in § 6151, a general section giving the time and place for paying tax shown on the return.