In the Matter of The **NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY, Debtor.**

No. 30226.

United States District Court,
D. Connecticut.
June 28, 1973.

See also, D.C., 334 F.Supp. 576.

---

Prof. James Wm. Moore, Counsel for Trustee, New Haven, Conn., Joseph Auerbach and Robert G. Bleakney, Jr., Sullivan & Worcester, Boston, Mass. for Trustee.

Robert K. Killian, Atty. Gen., Samuel Kanell, Special Asst. Atty. Gen., Ralph G. Murphy, Jack Rubin, Asst. Attys. Gen., for Connecticut.

Herbert F. De Simone, Atty. Gen., Rhode Island, G. John Gazerro, Jr., Special Asst. Atty. Gen., Avram Cohen, Special Counsel Rhode Island Div. of Taxation, for Rhode Island.

Walter H. Mayo, III, Asst. Atty. Gen., and Acting Chief, Administrative Division, for Massachusetts.

## MEMORANDUM OF DECISION ON PETITION FOR ORDER #595

ROBERT P. ANDERSON, Circuit Judge (sitting by designation).

This petition concerns the question of whether or not there is any liability by the Trustee for gross earnings, utility franchise, or related taxes for the period of time subsequent to one minute before midnight on December 31, 1968 when

the New Haven Railroad ceased to engage in the business for which it was organized and which it was authorized to conduct by the four states, Connecticut, New York, Rhode Island and Massachusetts, in which it had operated.

The relevant facts are set forth in paragraphs 2 through 10, inclusive, of the petition, and the court finds them to be true as therein stated.

This court has summary jurisdiction to hear and adjudge the matters presented by the petition and the answers. Although the four states concerned, and the City of New York all had due and timely notice of the hearing held on this petition on December 22, 1969, as found in the court's order of that date, the State of New York and the City of New York neither appeared or filed answers and were defaulted; and the court held on said date that so long as the Debtor continues in reorganization under § 77 of the Bankruptcy Act, neither the Debtor nor its Trustee will be liable to the State of New York or the City of New York for any gross earnings, utility franchise or related taxes, particularly such as those referred to in the petition.

■■■■ Connecticut has raised a threshold question concerning this court's jurisdiction to pass upon the tax issue at the present time. Connecticut does not dispute the facts nor does it deny that this court may at some future time have jurisdiction over the subject matter of the petition. It does assert, however, that inasmuch as the State has not levied an actual tax assessment upon gross earnings pursuant to Conn.Gen. Stat. Chapter 210 § 12–249, a present effort by the Trustee to have the legality of such an assessment against the Debtor adjudicated is premature.

It argues that the court's jurisdiction is confined to actual pending claims. But the State's position gives no consideration to the express provisions of § 2a(2A) of the Bankruptcy Act enacted in 1966 which gives the court jurisdiction "to hear and determine . . .

any question as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction . . .," 11 U.S.C. § 11a(2A). This section is applicable to proceedings under § 77. See Collier, Bankruptcy § 2:22A, p. 214 (14th ed.).

■■■■ The court is therefore satisfied that it has jurisdiction in the premises. The bankruptcy court has power to "make such judgments as may be necessary for the enforcement of the provisions of the Bankruptcy Act. . . . The process of dealing with state tax assessment is one essential to the administration of a bankruptcy estate. . . ." California State Board of Equalization v. Goggin, 191 F.2d 726, 728 (9 Cir. 1951), cert. denied, 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952). The court's power to effectuate and protect its decrees clearly includes power to forestall attempts to impose taxes. 1A Moore, Federal Practice § 0.209 (2d ed.) That the State has this in mind is reiterated in its brief, p. 7, where it asserts, "the debtor is clearly subject to the tax imposed by Chapter 208, General Statutes of Connecticut for annual periods subsequent to December 31, 1968."

■■■■ It is undisputed that the authority of state and local taxing bodies to levy taxes on the New Haven Railroad while it is in reorganization derives from 28 U.S.C. § 960 which provides:

"Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

The determining issue in the case, therefore, is whether the New Haven Railroad is now and has, since December 31, 1968, been conducting any business within the meaning of that phrase in § 960. The court concludes that it has not

been and that it is not doing so at the present time.

■ The history of § 960, enacted in 1948, including its predecessor, Title 28 U.S.C. § 124a, enacted in 1934, shows that its purpose was to prevent receivers and trustees from operating tax free businesses in competition with tax burdened operators of businesses not in receivership or bankruptcy. H.R.Rep.No. 1138, 73rd Cong. 2d Sess.

This legislative intent to prevent an unfair competitive business advantage, however, has no bearing on the New Haven, as a debtor in bankruptcy. It is not engaged in operating a business and is in competition with no one. Its Trustee is solely concerned with marshalling assets, disposing of claims against the estate and seeking consummation of a reorganization plan. There is nothing about these usual and customary activities of a trustee in bankruptcy in the regular performance of his duties that can properly be described as "conducting any business" within the meaning of § 960.

■ Where the trustee continues to carry on the business of the debtor or operates a continuing business as part of the process of liquidation, the debtor's estate is liable for such taxes. Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78 (1939); United States v. Sampsell, 266 F.2d 631 (9 Cir. 1959); United States v. Metcalf, 131 F.2d 677 (9 Cir. 1942); Thompson v. State of Louisiana, 98 F.2d 108 (8 Cir. 1938); In re Loehr, 98 F.Supp. 402 (E.D.Wis. 1950); International Shoe v. Picard & Geismar, 30 F.Supp. 570 (E.D.La.1939).

The New Haven Railroad, as a bankrupt still in reorganization is doing none of these things nor anything comparable to them. The trustee is doing only what his duties, as such, require him to do, which is to conserve the assets of the estate pending the execution of the plan of reorganization. This includes collecting receivables, paying debts, prosecuting and defending court actions on behalf of the Debtor, placing the liquid assets in interest bearing deposits or obligations and other like endeavors which a trustee in bankruptcy is customarily required to perform after all operations of the debtor's business have ceased. See In re Owl Drug Co., 21 F.Supp. 907 (D.Nev. 1937), which held that a trustee in bankruptcy, receiving interest on the proceeds of the sale of the debtor's interest, was not within § 52 of the Revenue Act of 1934. In Sampsell, supra, the court was careful to distinguish cases like In re Owl Drug Co. in which "the business had been sold by the trustee previously, and the only income received was interest from the proceeds of the sale." 266 F.2d at 634. This describes the situation of the Estate of the New Haven Railroad since December 31, 1968; and the State of Connecticut is, therefore, barred under § 960 from imposing gross earnings, franchise or related taxes upon the debtor under the circumstances existing since that date.

Likewise, this court holds that in view of the fact that the New Haven is still in reorganization and that the Trustee since December 31, 1968 has not and is not "conducting any business" within the meaning of 28 U.S.C. § 960 neither the State of Massachusetts nor the State of Rhode Island has the power to levy, assess or collect any gross earnings, utility franchise or related taxes upon the bankruptcy estate of the New Haven Railroad.

If there were no § 960, the Trustee of the New Haven Railroad, who is not carrying on a business, nor exercising a franchise, nor is able to exercise it, even if he wanted to, would not be liable for taxes of the kinds above mentioned even under their own statutes or the court decisions construing them. The possible exception of Rhode Island's Public Service Corporation Tax is, in the circumstances of this case, de minimis.

So long as the debtor, the New Haven Railroad, continues in reorganization and is not operating a railroad or other business under its franchises, neither the debtor nor its Trustee will be liable

to any of the states of New York, Connecticut, Rhode Island or Massachusetts for any of the taxes mentioned in the petition and the answers to it.

It is so ordered.