In the Matter of KNIGHT'S MILL, INC., Debtor.

Max E. ROTT, Trustee of Knight's Mill, Inc., Plaintiff,

v.

Rosco EGGAR, Commissioner of the Internal Revenue Service, Defendant.

Bankruptcy No. 80–06757–W.
Adversary No. 82–0641.

United States Bankruptcy Court, E.D. Michigan, S.D.

Oct. 29, 1982.

**144**

Richard F. Fellrath, Detroit, Mich., for plaintiff.

Mark R. Werder, Asst. U.S. Atty., Detroit, Mich., Joseph H. Groff and Thomas R. Jones, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

The question before the Court is whether a trustee, who is not operating the bankrupt's business but merely liquidating a bankruptcy estate, is liable for federal income tax upon interest earned on his deposits of the estate funds. The Court finds that such a trustee does incur income tax liability.

The facts are not in dispute. Knight's Mill, Inc., the debtor, filed for relief under Chapter 7 on November 20, 1980. Max E. Rott was duly appointed as trustee for the debtor; converted the assets of the debtor's estate to cash; and deposited the cash into a money market account with the National Bank of Detroit. During the calendar year of 1981, the account earned income of $10,574.89.

On April 29, 1982, the trustee filed a complaint for a declaratory judgment seeking to ascertain his federal income tax liability for the earned income.[1] The matter was subsequently submitted to the Court on briefs.

[1] Jurisdiction is provided by 11 U.S.C. § 505.

Resolution of the present question requires a review of relevant case law. The first case to decide the issue was *In Re Owl Drug Company*, 21 F.Supp. 907 (D.C.Nev. 1937). *Owl Drug* held that a trustee who is merely liquidating a bankruptcy estate, rather than operating the bankrupt's business, is not liable for federal income tax upon interest earned on his deposits of the estate funds. The Court in *Owl Drug* relied on the following provision of § 52 of the Revenue Act of 1934:

. . . Every corporation subject to taxation under this title [chapter] shall make a return. * * * In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

26 U.S.C.A. § 52.

Prior to 1954, the courts uniformly utilized the "operating" test in determining the federal income tax liability of a trustee. *In Re Statmaster*, 332 F.Supp. 1248, 1253 (S.D.Fla.1971); aff'd, 465 F.2d 978 (5th Cir. 1972). In 1954, however, the Internal Revenue statutes were revised.

Section 6012(b)(3) as enacted by the 1954 Code provides as follows:

(b) *Returns Made by Fiduciaries and Receivers.*

\* \* \* \* \* \*

(3) *Receivers, Trustees and Assignees for Corporations.*—In a case where a receiver, trustee in a case under Title 11 of the United States Code, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or sub-

stantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns. 26 U.S.C.A. § 6012(b)(3).

The first case to consider the effect of § 6012(b)(3) was *In Re F.P. Newport Corp.,* 144 F.Supp. 507 (D.C.Cal.1956), *reversed sub nom, United States v. Sampsell,* 266 F.2d 631 (9th Cir.1959). In *Newport,* the District Court for the Southern District of California ruled that where a trustee merely liquidates a bankrupt corporation, he does not incur income tax liability. The Court reasoned that § 6012(b)(3), requiring a bankruptcy trustee to file an income tax return regardless of whether he was operating the bankrupt's business, did not by implication amend Judicial Code § 960[2], subjecting a trustee conducting a bankrupt's business to tax liability, so as to impose an obligation on a non-operating trustee to pay income taxes.

The *Newport* court was reversed by the Ninth Circuit in *United States v. Sampsell.* The Ninth Circuit held that the bankruptcy trustee was operating the business of the corporation; therefore he was required to file an income tax return and pay the tax therein. The *Sampsell* court further challenged the conclusion of the District Court regarding the validity of the old distinction between an operating and a non-operating trustee:

> Under the view of the lower court, the failure of Congress to amend Section 960 indicates an intent to retain the old distinction between an operating trustee and a non-operating one of Section 52 and an intent not to make any great change.
>
> We do not agree. In the first place, the change would not be a great departure from the past because of the broad interpretation given to the phrase "operating the property or business" by both the courts and the Treasury Regulations.

But, more important, Section 960 is an affirmation of tax liability and "does not exclude liability for taxes otherwise validly imposed." *Brown v. Collector of Taxes for District of Columbia,* 101 U.S. App.D.C. 200, 247 F.2d 786.

266 F.2d at 635.

In *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), the Supreme Court briefly alluded to, but did not resolve, the issue of the tax susceptibility of a non-operating trustee as presented in *Newport* and *Sampsell:*

> Nor is there any issue raised in this case concerning the susceptibility to tax under 28 U.S.C. § 960 of a trustee whose activities do not amount to the conduct of business in any meaningful sense. See *United States v. Sampsell,* 266 F.2d 631 (C.A. 9th Cir.); *In re Loehr,* 98 F.Supp. 402 (D.C.E.D.Wis.); *In the Matter of F.P. Newport Corp., Ltd.,* 144 F.Supp. 507 (D.C.S.D.Cal.).

384 U.S. at 693, note 28, 86 S.Ct. at 1685.

In 1971, a bankruptcy referee, relying on the Supreme Court's note in *Nicholas,* concluded that the proper interpretation of the effect of § 6012(b)(3) remained open ·despite the *Sampsell* opinion. The referee ruled that § 6012(b)(3) did not affect "the well-established substantive principle of both statutory and case law to the effect that a non-operating trustee in bankruptcy is not subject to federal income taxes." *In Re Statmaster Corporation,* 332 F.Supp. at 1261. The decision of the referee was reversed by the District Court for the Southern District of Florida, which found that the bankruptcy court lacked subject matter jurisdiction. 332 F.Supp. at 1249.

Finally, in 1974, the Third Circuit, after briefly reviewing *Sampsell, Nicholas,* and *Statmaster, supra,* held that the effect of § 6012(b)(3) was to render the non-operating trustee of a bankrupt corporation liable for the payment of taxes on income generated during the liquidation and distribution of the bankruptcy estate, provided that the trustee had possession of or title to substan-

---

**2.** 28 U.S.C.A. § 960.

tially all of the bankrupt's property. *In Re I.J. Knight Realty Corporation,* 501 F.2d 62 (3d Cir.1974)[3], the Third Circuit stated:

> To reiterate, we think that a fair reading of the pertinent sections of the Internal Revenue Code renders the non-operating trustee of a bankrupt corporation liable for the payment of taxes on the bankrupt's income, provided the trustee has possession of, or title to, substantially all the bankrupt's property. Since, as the taxpayer concedes, he did satisfy this proviso, he is liable for the payment of taxes on taxable income, if any there be, derived from Knight's property. This conclusion follows directly, if not ineluctably, from the terms of the statutes, their supporting policies, and their practical implementation.

> There is, unfortunately, a dearth of prior judicial decisions concerning the question in issue. The Ninth Circuit, in *United States v. Sampsell,* expressed the same view regarding sections 6012(b)(3), 6151, and 960 that we adopt here. However, consideration of the precise point contested in this case was not essential to the decision in *Sampsell,* thus perhaps rendering the Ninth Circuit's exposition a dictum. The Supreme Court has avoided deciding the question. A conclusion contrary to ours was reached by a referee in bankruptcy in *In re Statmaster Corp.* The referee relied on reasoning substantially similar to that advanced by the trustee here, but, for the reasons we have stated in analyzing the trustee's arguments, we decline to follow the view announced by the referee in *Statmaster.*

501 F.2d at 66–67 (footnotes omitted).

Since 1974, several courts have considered related issues. *See e.g., Williams v. United States,* 667 F.2d 1108 (4th Cir.1981) (Holding that Congress intended to tax the income of individual bankruptcy estates); *In Re Samoset Association,* 14 B.R. 408 (Bkrtcy.D.C.Me.1981) (Holding that the bankruptcy trustee of a liquidating partnership is not required to file returns or pay

federal income taxes for the partnership); *In Re Alan Wood Steel Company,* 7 B.R. 697 (E.D.Pa.1980) (Holding that § 6012(b)(3) does not require a disbursing agent to file returns or pay federal income taxes for a debtor corporation); *In Re 4100 North High, Ltd.,* 3 B.R. 232 (Bkrtcy.S.D. Ohio 1980) (Holding that neither the Bankruptcy Act nor the Internal Revenue Code as worded in 1975 and 1976 imposed or levied federal income taxes upon bankrupt estates of either individuals or partnerships); *In Re Supergrate Open Steel Flooring Company,* 1 B.R. 660 (Bkrtcy.C.D.Cal. 1979) (Holding that the non-operating trustee of a debtor corporation does not have a duty to file returns and pay California franchise taxes.) However, it does not appear that any court, since *Knight Realty,* has considered the precise issue presently before this Court.

Considering the foregoing, the Court concludes that a non-operating trustee is liable for federal income tax upon interest earned on his deposits of the estate funds. The Court is of the opinion, as was the Third Circuit in *In Re Knight Realty,* that such a conclusion "follows directly, if not ineluctably, from the terms of the statutes, their supporting policies and their practical implementation." 501 F.2d at 66.

So ordered.

---

**3.** *Knight Realty* arose under the Bankruptcy Act of 1898, however, the same result could be reached under the Code.