## In re LOEHR.
### No. 25618.

United States District Court,
E. D. Wisconsin.
Dec. 15, 1950.

Timothy T. Cronin, U. S. Atty., and Ellis J. Hughes, Asst. U. S. Atty., Milwaukee, Wis., for United States.

Thomas E. Fairchild, Atty. Gen. and Hon. Harold H. Persons, Asst. Atty. Gen., for State of Wisconsin.

John J. Schneider, Fond du Lac, Wis., for trustee.

A. J. O'Melia, Rhinelander, Wis., Nicholas J. Lesselyoung, Trustee, Fond du Lac, Wis., Francis A. Yindra, Referee, Manitowoc, Wis., for bankrupt.

TEHAN, District Judge.

This matter comes to us on petitions by the State of Wisconsin and the United States of America for review of an order of the Referee disallowing that part of the claims of the United States Collector of Internal Revenue and the Wisconsin Department of Taxation for income taxes against the trustee. The bankrupt, Louise Handt Loehr, was engaged in the real estate, loan, insurance and beauty parlor business in the city of Fond du Lac, Wisconsin, prior to the bankruptcy. March 5, 1946 she filed a petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq. A receiver was appointed, but when the proper acceptances were not obtained, she was adjudicated a bankrupt. This occurred on April 6, 1946. A trustee was then appointed who was directed to liquidate the estate.

The estate included 144 parcels of real estate. The trustee sold these over a period of approximately three years. It is the contention of both the state and federal government that in liquidating this real estate the trustee received taxable income by reason of the fact that the sale price of some of the parcels of real estate exceeded the bankrupt's tax basis price and because there was some amount of net rental received by the trustee prior to the disposition of the property.

It is the position of the trustee, and this position was sustained by the referee, that while an operating trustee would have to pay the taxes in question, a liquidating trustee is not required to pay these taxes and that the taxes should be treated as debts of the bankrupt and not as debts of the trustee. The referee found in his conclusions of law that the trustee is not a taxable person because there is no Act of Congress specifically taxing a trustee in bankruptcy and that a tax by implication is not favored. It is primarily this conclusion which is questioned here.

In 1934 Congress enacted 48 Stat. 993 which became Title 28 U.S.C. sec. 124a (1940 Ed.). This statute provided: "Any

receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation: *Provided, however,* That nothing in this section contained shall be construed to prohibit or prejudice the collection of any such taxes which accrued prior to June 18, 1934, in the event that the United States court having final jurisdiction of the subject matter under existing law should adjudge and decide that the imposition of such taxes was a valid exercise of the taxing power by the State or States, or by the civil subdivisions of the State or States imposing the same."

In 1948 this section was rewritten and it now appears as Sec. 960, Title 28, U.S.C., and reads: "Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

All parties agree that this section does require that an operating trustee pay income taxes. Counsel for the trustee argues strenuously, however, that in this case, since the trustee had authority only to liquidate, he was not "conducting any business" and that therefore the statute is not applicable.

The same question arose in two reported cases which were brought to the attention of the court. In the case of In re Mid America Co., D.C., 31 F.Supp. 601, 606, the court considered the question of "whether a trustee in bankruptcy is liable for contributions under the Illinois Unemployment Compensation Act with respect to individuals who perform services for him in connection with the bankrupt estate." The court said: "Respondent's contention that this section applies only to trustees who are actually carrying on the business of the bankrupt, and not to liquidating trustees, is unconvincing. The phrase 'conduct any business' should not receive a narrow and restricted interpretation, but should be construed to include any activity or operation in connection with the handling and management of the bankrupt estate. That this was the intention of Congress is clear from the further language of this section which makes the trustee 'subject to all State and local taxes applicable to such business * * * as if such business were conducted by an individual or corporation.' Obviously, if the bankrupts themselves liquidated their respective businesses they would each be liable for contributions with respect to services performed for them in connection with such liquidation. * * *"

The case was considered and approved by the Court of Appeals for the Eighth Circuit. In the case of State of Missouri v. Gleick, 135 F.2d 134, 137, the court said: "The reasoning of Judge Adair in the Mid America case seems sound, and, in the absence of a controlling authority to the contrary, we adopt it here. * * *"

This court, too, believes that the Mid American case properly construed the statute and the court therefore holds that the claim of the state and federal government for income taxes against the trustee should have been allowed.

An order will be entered in conformity with this opinion.