**George Howard HALL and Ruth Hall, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 4214.**

United States District Court
D. North Dakota,
Southeastern Division.

Aug. 22, 1969.

Philip B. Vogel, Fargo, N. D., of Wattam, Vogel, Vogel & Peterson, Fargo, N. D., for plaintiffs.

John W. Debruyn, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

RONALD N. DAVIES, District Judge.

This cause came on for trial before the Court sitting without a jury, on June 10, 1969. Philip B. Vogel, Esq., of Wattam, Vogel, Vogel & Peterson, Fargo, North Dakota, appeared as attorney for the plaintiffs; John W. Debruyn, Esq., appeared as attorney for the defendant. This case had been remanded by the Eighth Circuit Court of Appeals, to give the parties an opportunity to offer additional testimony herein. The Court heard the testimony and examined the proofs offered by the respective parties and at the conclusion of the trial, took the case under advisement.

The Court being fully advised in the premises, makes and enters the following:

### FINDINGS OF FACT

#### I.

The plaintiffs are citizens and residents of Fargo, North Dakota. The plaintiff, George Howard Hall, is and was at all times herein pertinent, a partner in Fargo Clinic, a medical co-partnership, having its office and clinic in Fargo, North Dakota. Fargo Clinic, Inc., is a corporation owning the physical property in which Fargo Clinic practices medicine.

#### II.

On January 1, 1963, Fargo Clinic, a medical co-partnership, and Fargo Clinic, Inc., put into effect a pension plan

for the benefit of their eligible employees. This plan was submitted to the Commissioner of Internal Revenue and was approved on July 5, 1963. The pension plan provided coverage for those employees of Fargo Clinic and Fargo Clinic, Inc., who were at least 30 years of age and had two years of service with the employer.

### III.

On October 1, 1963, the partners of Fargo Clinic established a pension plan for their own benefit under the provisions of HR–10 which had but recently become effective. In 1964, the plaintiff, George Howard Hall, contributed $2,500.00 to the partners' pension plan and accordingly took a deduction of $1,250.00 in calculating his 1964 federal income tax. The defendant denied to George Howard Hall the deduction of $1,250.00 and required George Howard Hall to pay a tax thereon of $512.50. This tax the plaintiffs paid to the defendant on October 21, 1965.

### IV.

On November 10, 1965, the plaintiffs filed a claim for refund of the $512.50, together with interest thereon from October 21, 1965.

### V.

More than six months have elapsed since the filing of such claim and the claim has neither been approved nor denied. The defendant has made no refund to the plaintiffs of any portion of the amount set forth by the plaintiffs in their claim for refund.

### VI.

The defendant refused to allow to the plaintiffs the deduction of $1,250.00 for the calendar year of 1964 because the defendant held that the Self-Employed Retirement Plan of the partners in the Fargo Clinic discriminated against the employees of Fargo Clinic. It was the position of the defendant, as expressed in Plaintiffs' Exhibit 12, that because there was delayed vesting for the employees and immediate vesting for the physicians, the plans discriminated against the employees. The defendant in its letter of December 15, 1965 (Plaintiffs' Exhibit 12) gave no other reason for its refusal to approve the pension plan.

### VII.

At all times herein pertinent, there were more than 30 partners in the Fargo Clinic and no one of them owned as much as 5% of the capital of the partnership, and no one of them received as much as 5% of the income of the partnership.

### VIII.

Section 401 of the Internal Revenue Code of 1954 provides that the term "owner-employee" means one who, in the case of a partnership, is a partner who owns more than 10% of either the capital interest or the profit interest in such partnership. The plaintiff, George Howard Hall, was not at any time pertinent herein, an "owner-employee" and there were no "owner-employees" associated with Fargo Clinic.

### IX.

The employees' pension plan dated January 1, 1963, did not provide for immediate vesting. It provided for delayed vesting. The partners' pension plan dated October 1, 1963, provided for immediate vesting. Under the provisions of Section 401 of the Internal Revenue Code of 1954, if any of the partners of Fargo Clinic were an owner-employee, the employees' pension plan and the partners' pension plan would, in order to qualify for exemption, have had to include provisions for similar vesting.

### X.

Section 401 of the Internal Revenue Code provides in effect that there may not be discrimination against the employees regardless of whether or not "owner-employees" are covered by either or both pension plans.

## XI.

The plaintiffs offered the testimony of a Consulting Actuary, a Certified Public Accountant, and the Manager of the Fargo Clinic, that the two pension plans do not discriminate against the employees of Fargo Clinic, a co-partnership and Fargo Clinic, Inc., a corporation. Their uncontradicted testimony was to the effect that the two plans favor the employees rather than the physician partners. Plaintiffs offered Exhibit 21 which showed that the employees could anticipate larger pensions under the employees' plan than they could anticipate if they had been under the doctors' plan. Plaintiffs offered Exhibit 22 showing that an employee and a doctor commencing their service at the same time and at the same age, would receive total pensions in different percentages on retirement, and that the employees' percent of final pay would be 34% under the employees' plan and the doctors' percent of final pay would be 17% under the doctors' plan.

## XII.

The cost to the employers of the employees' plan is percentagewise higher than the cost of the employers of the doctors' plan.

## XIII.

The Court specifically finds that the partner physicians would, if they had the opportunity, come under the employees' pension plan. The employees' plan (Plaintiffs' Exhibit 1) contains the following provision:

"17.3. Should the laws of the United States be changed to the end that partners of the medical partnership which is one of the employers named herein are eligible to become participants in pension trust agreements, this agreement may be amended to allow such partners to become participants."

## XIV.

The Court specifically finds that the two pension plans do not discriminate against the employees.

From the foregoing Findings of Fact, the Court now makes the following:

## CONCLUSIONS OF LAW

### I.

That this Court has jurisdiction of the subject matter of this lawsuit and the parties.

### II.

That the plaintiffs are entitled to judgment against the defendant in the sum of $512.50, plus interest at 6% per annum from and after October 21, 1965, but without costs.

Let judgment be entered accordingly.