**In re SAMOSET ASSOCIATES, Debtor.**

**Bankruptcy No. BK75–1404K.**

United States Bankruptcy Court,
D. Maine.

Sept. 29, 1981.

**410**

Andrew A. Cadot, Perkins, Thompson, Hinckley & Keddy, Portland, Me., trustee.

Robert M. Kane, Jr., Tax Division, Washington, D. C., William H. Browder, Jr., Asst. U. S. Atty., Bangor, Me., for IRS.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

The court is confronted in these proceedings with close questions concerning the interplay among the Internal Revenue Code, the Uniform Partnership Act, and an obscure provision of the Judicial Code.

Samoset Associates, the partnership-owner of a Maine coast resort hotel, was adjudicated bankrupt on March 28, 1978 following an abortive Chapter XII arrangement proceeding. A short time after adjudication, the trustee in bankruptcy deposited $200,-000 received in settlement of certain post-

petition litigation. By January 16, 1981, the accrued interest totaled $49,253, leaving $249,253 available for distribution among holders of claims totaling almost $500,000.

The questions posed in connection with the interest monies are (1) whether the trustee must file federal income tax returns; (2) whether Samoset Associates, the bankrupt partnership, is liable for federal income tax; and (3) whether the trustee is liable for federal income tax.

## DUTY TO FILE INCOME TAX RETURNS

■ Internal Revenue Code § 6012 specifically imposes responsibility for the filing of federal income tax returns upon individuals [I.R.C. § 6012(a)], fiduciaries and receivers [I.R.C. § 6012(b)], and corporations [I.R.C. § 6012(a)].[1] There is no specific requirement for the filing of federal income tax returns by the trustee in bankruptcy of a partnership in ordinary bankruptcy proceedings. The court has discovered no authority for the proposition put forth by the Government that IRC § 6012 imposes a duty on the trustee in bankruptcy of a bankrupt partnership to file income tax returns.[2] The court concludes that no such duty is imposed by I.R.C. § 6012.

---

1. I.R.C. § 6012(c) mandates the filing of returns in various instances not presently relevant.

2. Revenue Ruling 68–48 [68–1 C.B. 302] implies that I.R.C. § 6012 requires the filing of income tax returns by a trustee in bankruptcy in these circumstances, on the theory that a partnership bankruptcy gives rise to a new entity, the bankrupt "estate," of which the trustee in bankruptcy is a fiduciary within the contemplation of I.R.C. § 6012(b). Revenue Rulings lack the force of law. *In re Weisser*, 1 B.R. 206 (M.D. Fla.B.J.1979). Instead, Revenue Rulings reflect the partisan stance of the Commissioner of Internal Revenue. *Helvering v. New York Trust Co., Trustee*, 292 U.S. 455, 467–68, 54 S.Ct. 806, 809–810, 78 L.Ed. 1361 (1934); *United States v. Hall*, 398 F.2d 383, 387 (8th Cir. 1968), *on remand*, 303 F.Supp. 362 (D.N.D. 1969). *In re Weisser, supra*.

Revenue Ruling 68–48 is founded on the inapposite premise of *In re Loehr*, 98 F.Supp. 402 (E.D.Wis.1950), which held that section 960 of the Judicial Code [28 U.S.C. § 960] requires

that the trustee in bankruptcy of an individual debtor pay tax on postpetition income realized in the conduct of the business of the bankrupt. The interest income at issue here is incident to the *liquidation* of the estate of a bankrupt *partnership*.

Bankruptcy Tax Act § 3(a) [Publ.L. No. 96–589, 96th Cong., 2d Sess., (1980), § 3(a)] *clarifies* the application of I.R.C. § 6012(b) by striking "an estate or trust," and by adding "an estate, a trust, or an estate of an individual under chapter 7 or 11 of title 11 of the U.S. Code." Therefore, only the estates of individual chapter 7 debtors may be considered separate taxable entities for purposes of I.R.C. § 6012(b). *See* H.Rep. 96–833, 96th Cong., 2d Sess. (1980), at 20–21; S.Rep. 96–1035, 96th Cong., 2d Sess. (1980), at 25–26, U.S.Code Cong. & Admin.News 1980, 7017. *Cf. Reardon v. United States*, 491 F.2d 822, 824 (10th Cir. 1974) [ruling void if contrary to congressional intent].

## BANKRUPT PARTNERSHIP AS § 641 "ESTATE"

Internal Revenue Code § 641 imposes a tax, payable by the fiduciary,[3] on "taxable income of estates...."[4] Nowhere is the term "estate" defined under the Internal Revenue Code. The Internal Revenue Service has attempted for years to clarify[5] these bankruptcy tax issues; by regulation, *see, e. g.,* Treas.Reg. § 1.641(b)–2(b); by Treasury decision, *see, e. g.,* T.D. 6580, 26 F.R. 11486 (Dec. 5, 1961); and by revenue rulings, *see, e. g.,* Rev.Rul. 68–48, 68–1 C.B. 301. Each section of the Internal Revenue Code is to be read *in pari materia* with related sections, *Southern National Gas Co. v. United States,* 412 F.2d 1222, 1266 (Ct.Cl.1969), with a view to achieving a consistent and harmonious construction, *CIR v. Stickney,* 399 F.2d 828, 834 (6th Cir. 1968); *J. O. Johnson, Inc. v. United States,* 476 F.2d 1337, 1340 (Ct.Cl.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). Augmented by the maxim that tax legislation is not to be extended by implication beyond the plain purport of the statutory language, *Greyhound Corp. v. United States,* 495 F.2d 863, 869 (9th Cir. 1974), *in pari materia* construction compels the conclusion that whatever doubt and ambiguity remain as to the taxability of these interest monies must be resolved in favor of the taxpayer, *id.; Frankel v. United States,* 192 F.Supp. 776, 777 (D.Minn.1961), *aff'd* 8th Cir., 302 F.2d 666, *cert. denied,* 371 U.S. 903, 83 S.Ct. 208, 9 L.Ed.2d 165 (1962).

Subchapter J of the Internal Revenue Code, of which section 641 is part, deals with the taxation of the income of estates and trusts and their beneficiaries, and of income in respect of decedents. In most significant respects, except section 641, Subchapter J has been interpreted by the courts as excluding bankruptcy estates from its application. For instance, the deductions prescribed by sections 642 *et seq.* are not available to bankruptcy estates, *Richardson v. United States,* 386 F.Supp. 424, 428 (C.D.Cal.1974), *aff'd.* 552 F.2d 291 (9th Cir. 1977); bankruptcy estates are excluded for purposes of computing distributable net income under section 643(a), and creditors, the beneficiaries of bankruptcy estates, are not considered "beneficiaries" for "estate" purposes under subsection 643(a),[6] *id. Contra, In re O'Neill,* 79–2 U.S. T.C. 88,238, 88,241 (W.D.Va.1979). These incompatible interpretations of various Internal Revenue Code provisions pertaining to bankruptcy estates do not conform with the *in pari materia* interpretive treatment mandated by the courts. *See, e. g., J. O. Johnson, Inc. v. United States, supra; CIR v. Stickney, supra.* The court has not been cited to any authority, nor does any sound reason occur for taxing bankruptcy estates along with decedents' estates under I.R.C. § 641, while denying bankruptcy estates alone the deductions and credits authorized by I.R.C. §§ 642 & 643. The interpretation urged by the Government contravenes the clear congressional policy of Subchapter J, which is to treat estates as conduits of funds, taxable only to the extent that the income realized is not distributed to benefi-

---

3. *See* I.R.C. § 641(b), 26 U.S.C. § 641(b) (1981 Supp.).

4. I.R.C. § 641(a), 26 U.S.C. § 641(a) (1981 Supp.).

5. The taxability of estates in bankruptcy under section 641 has long remained unclear. *See Nicolas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966); *In re Siehl,* 76–1 U.S.T.C. 83,431, 83,433 (S.D.Ohio 1975). *See also* H.Rep. 96–833, 96th Cong., 2d Sess. (1980), at 19; S.Rep. 96–1035, 96th Cong., 2d Sess., (1980), at 24. The tax status of a bankrupt partnership has eluded definitive treatment even by the Commissioner. *See* note 7 *infra.*

6. Internal Revenue Code subsection 643(c) provides that "beneficiary" *includes* heir, legatee and devisee. There is no specific mention of the beneficiaries of bankruptcy estates [creditors]. The Government inconsistently maintains that the failure to include reference to bankruptcy estates in I.R.C. § 641 does not restrict the definition of "estates," but that the omission of any mention of creditors of bankruptcy estates in I.R.C. § 643(c) excludes the latter from consideration as "beneficiaries." *See In re 4100 North High Limited,* 3 B.R. 232, 237 (Bkrtcy.S.D. Ohio B.J.1980). *See also id.,* at 235.

ciaries. *See Mott v. United States*, 462 F.2d 512, 514 (Ct.Cl.1972).

 *In re 4100 North High Limited*, 3 B.R. 232, 235 (Bkrtcy.S.D. Ohio B.J.1980), holds that I.R.C. § 641 itself imposes no tax, even on an "estate," but interacts with the tax imposition provisions of I.R.C. § 1(e). Bankruptcy Judge Kelleher, in a carefully considered opinion, there decided that I.R.C. § 641 does not apply to the estate of a bankrupt partnership.[7] *Id.* at 237. *See* H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), at 274, 275, U.S.Code Cong. & Admin.News 1978, 5787. The court is convinced by the careful reasoning in *4100 North*, the only reported decision encountered treating the taxability of a bankrupt partnership,[8] that a bankrupt partnership is not an "estate" within the meaning of I.R.C. § 641(a).

Alternatively, were the bankrupt partnership to be treated as an estate for purposes of I.R.C. § 641(a), it would remain to be decided whether the interest monies realized in these proceedings constitute "taxable income." Although interest income is considered gross income, 26 U.S.C. § 61(a)(4), and hence may constitute taxable income, not all gross income received by the trustee in bankruptcy is taxable. *United States v. Sampsell*, 224 F.2d 721, 722 (9th Cir. 1955); *In re F. P. Newport Corp., Ltd.*, 144 F.Supp. 507, 508 (S.D.Cal.1956). Inter-

---

7. *See also In re Seihl*, 76–1 U.S.T.C. 83,431, 83,435 (S.D.Ohio 1975). *Cf. In re Kirby*, 62–2 U.S.T.C. 86,048, 86,050–86,051 (S.D.Tex.1962) [§ 641 does not apply to bankrupt individual].

The Government correctly maintains that *Kirby* is no longer reliable authority, for the reason that Treasury Decision 6580 [26 F.R. 11,486 Dec. 5, 1961] has eliminated the ambiguity which troubled the *Kirby* court. *Bell v. Isthmian Lines, Inc.*, 363 F.Supp. 156 (M.D.Fla. 1973). T.D. 6580 was issued and published many months before the district court in *Kirby* sustained the ruling of the bankruptcy court. The fact is that T.D. 6580, purporting to correct the source of a "misunderstanding" on the part of the bankruptcy referee, was issued and published while the referee's order was on review before the district court. It seems to have left the district court unpersuaded in regard to any retrospective application.

T.D. 6580 was designed to make clear that the estate of an *individual* in bankruptcy is to be treated as a separate taxable entity. It made no mention of the estate of a *partnership* in bankruptcy as a separate entity, despite the fact that it prescribed that a *corporation* in bankruptcy is not a separate taxable entity. It is therefore quite clear that T.D. 6580 by no means controls the pending question.

The income of a partnership is taxable to the partners and not the partnership. 26 U.S.C. § 701. The amount of tax is based on the partner's distributive share. *Id.* § 702. *See United States v. Basye*, 410 U.S. 441, 447–48, 93 S.Ct. 1080, 1084–1085, 35 L.Ed.2d 412 (1973) *rehearing denied*, 411 U.S. 940, 93 S.Ct. 1888, 36 L.Ed.2d 402 (1973). A partner's distributive share would include any reduction of partnership liabilities. *See Stackhouse v. United States*, 441 F.2d 465, 469 (5th Cir. 1971). If interest income of a bankrupt partnership were applied in reduction of partnership debt, thereby lessening the contingent liability of the partners, *see* Bankruptcy Act § 5(j), 11 U.S.C.

§ 23(j), the interest income would be taxable to the individual partner as part of his distributive share, 26 U.S.C. § 702. But where interest income of a bankrupt partnership is devoted exclusively to defraying costs of administration incurred in the liquidating bankruptcy proceeding, there is no distributive share and no debt reduction benefit realized.

8. Revenue Ruling 68–48, 1968–1 C.B. 301, states that the "intervention of the status of bankruptcy into the affairs of both an individual and a partnership creates an entity separate and apart from an individual or partnership bankrupt." *In re Loehr*, 98 F.Supp. 402 (E.D. Wis.1950) is the only authority cited for this proposition. *Loehr*, however, as already mentioned, involved neither a partnership nor I.R.C. § 641. *See* note 2 *supra*.

The suggestion that a partnership in ordinary bankruptcy proceedings is a separate and distinct entity from the partnership itself is conceptually unsound, since the bankruptcy proceeding of a partnership, which brings about the dissolution of the partnership, Me.Rev.Stat. Ann. tit. 31, § 311(4) (1980–81 Supp.), and strips the partnership of the power to act, *id.* § 313, must be concluded before the partnership is terminated, *id.* § 310; *In re 4100 North High Ltd.*, 3 B.R. 232, 238 (Bkrtcy.S.D. Ohio B.J.1980); 26 U.S.C. § 708(b)(1)(A) & (B); 26 C.F.R. § 1.708–1(b)(1)(i). The partnership continues in existence until the bankruptcy proceeding is concluded. In other words, a bankrupt partnership is by its very nature a legal entity which continues to exist for no other purpose than the settlement of its affairs, whereupon the partnership self-destructs by operation of law. It seems a superfluous contrivance to consider, for tax purposes, the bankrupt estate a separate legal entity coterminous with the moribund partnership itself.

est earned on monies deposited by the trustee in bankruptcy pending distribution to creditors is not taxable income. *In re 4100 North High Limited*, 3 B.R. 232, 239 (Bkrtcy.S.D. Ohio B.J.1980). *Cf. In re F. P. Newport Corp., Ltd.*, 144 F.Supp. 507, 508 (S.D.Cal.1956) [28 U.S.C. § 960]; *In re Owl Drug*, 21 F.Supp. 907, 912 (D.Nev.1937) [28 U.S.C. § 960]. No reported decision has reached the conclusion that the nonoperating trustee of a partnership bankrupt is liable for income tax; whereas the nonoperating trustee of a bankrupt corporation has been held liable. *See, e. g., In re I. J. Knight Realty Corp.*, 501 F.2d 62 (3d Cir. 1974).

■ The interest income must be within the control of the partnership in order to be taxable to the partnership. *See Helvering v. Horst*, 311 U.S. 112, 119, 61 S.Ct. 144, 148, 85 L.Ed. 75 (1940); *Sammons v. United States*, 433 F.2d 728, 732 (5th Cir. 1970), *cert. denied*, 402 U.S. 945, 91 S.Ct. 1621, 29 L.Ed.2d 113 (1971); *Driscoll v. Exxon Corp.*, 366 F.Supp. 992, 993 (S.D.N.Y.1973). Here the trustee in bankruptcy controls the monies deposited at interest, as well as the interest itself, as a fiduciary. Although the trustee in bankruptcy qualifies as a "fiduciary," within the meaning of 26 U.S.C. § 7701(a)(6),[9] he is not a fiduciary within the meaning of 26 U.S.C. § 6012(b)(4). Were the trustee in bankruptcy a § 6012(b)(4) fiduciary, the interest income would only be taxable to the trustee if the bankrupt partnership were to qualify as an "estate" for I.R.C. § 641 purposes, which it does not.

### TAXABILITY OF INCOME UNDER SECTION 960 OF THE JUDICIAL CODE

A trustee in bankruptcy conducting the business of the bankrupt is subject to all federal, state and local taxes "applicable to such business to the same extent as if it were conducted by an individual or corpora-tion." 28 U.S.C.A. § 960. *See Palmer v. Webster & Atlas Nat. Bank of Boston, Trustee*, 312 U.S. 156, 162, 163–64, 61 S.Ct. 542, 545, 545–546, 85 L.Ed. 642 (1941); *In re F. P. Newport Corp., Ltd.*, 144 F.Supp. 507, 509 (S.D.Cal.1956). Section 960 and its predecessor, 28 U.S.C. § 124a, manifest a clear and consistent congressional intent to tax trustees in bankruptcy to the same extent as "an individual or corporation," *Palmer v. Webster & Atlas Nat. Bank of Boston, Trustee*, 312 U.S. 156, 163, 61 S.Ct. 542, 545, 85 L.Ed. 642 (1941), but only where the trustee is engaged in "conducting any business" under court authority. While section 960 makes no mention of a "partnership," it is unnecessary for the court to consider the significance of that omission, since it plainly appears that the interest income at issue here was not generated as a result of the "[conduct of] any business" by the trustee.

■ Section 960 has been held applicable to a liquidating, as well as an operating, trustee. *In re Mid America Co.*, 31 F.Supp. 601, 606 (S.D.Ill.1939). The retention of employees of the bankrupt by a liquidating trustee, though operation of the business of the bankrupt was not expressly authorized by the bankruptcy court, may bring the trustee within section 960, particularly if the trustee is engaged in "winding down" the business. *Id.*

Similarly, *In re Loehr*[10] required the liquidating trustee of an individual bankrupt to pay federal and state taxes on income from the sale of real estate, where the debtor had been engaged in the real estate business prior to bankruptcy. The trustee continued real estate sales for three years. The court held the liquidating trustee in bankruptcy liable as though the income had been realized from on-going business operations of the debtor. 98 F.Supp. at 403.

---

**9.** Title 26, United States Code, section 7701(a)(6) provides:

(6) Fiduciary.—The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person.

**10.** 98 F.Supp. 402 (E.D.Wis.1950).

No court has held a true liquidating trustee subject to federal income taxation under 28 U.S.C. § 960. *See In re 4100 North High Ltd.*, 3 B.R. 232 (Bkrtcy.S.D. Ohio B.J.1980); *In re F. P. Newport Corp. Ltd.*, 144 F.Supp. 507 (S.D.Cal.1956); *In re Owl Drug*, 21 F.Supp. 907 (D.Nev.1937). When the trustee is ordered to liquidate, ceases business operations and converts the assets into cash for distribution among creditors, he is not "conducting any business" and is not within the scope of section 960. *In re F. P. Newport Corp., Ltd., supra* at 509. These authorities are not inconsistent with those holding that income realized by a trustee engaged in converting the assets of the estate into cash, by means other than a "wind-down" operation, is not taxable under section 960, *see, e. g., In re F. P. Newport Corp. Ltd., supra; In re 4100 North High Ltd., supra.*

Conserving the assets of the estate pending their distribution does not constitute "conducting any business." *In re New York, New Haven and Hartford R.R. Co.*, 360 F.Supp. 1155, 1158 (D.Conn.1973). Non-operating activities include: collecting accounts receivable, paying debts, prosecuting and defending court actions, placing liquid assets in interest-bearing deposits or obligations and similar endeavors that a trustee in bankruptcy is customarily required to perform after all business operations of the debtor have ceased. *Id. See In re Owl Drug Co.*, 21 F.Supp. 907, 911 (D.Nev.1937).

Interest earned on cash deposited by the trustee in bankruptcy awaiting distribution to creditors cannot be considered the fruits of an ongoing operation of the partnership hotel business. The result reached is consistent with the plain purpose of section 960, *see Palmer v. Webster & Atlas Nat. Bank of Boston, Trustee*, 312 U.S. 156, 163, 61 S.Ct. 542, 545, 85 L.Ed. 642 (1941), which is to deny unfair advantage to operating trustees "conducting any business" in competition with individuals or corporations upon whom federal, state or local tax burdens are imposed. *In re F. P. Newport, Corp., Ltd.*, 144 F.Supp. 507, 509 (S.D.

Cal.1956). The application of the trustee in bankruptcy for an order determining that the trustee need not file or pay income tax on the subject interest income will be allowed.