**In re NAB FOOD SERVICES, INC. d/b/a Hot Shoppes Restaurants, Debtor.**

**E. Hanlin BAVELY, Trustee, Plaintiff,**

v.

**UNITED STATES of America DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, Defendant.**

Adv. No. 1–82–0102.
(Related Case No. 1–80–00292).

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 6, 1982.

Jonathan B. Forman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for United States.

E. Hanlin Bavely, Cincinnati, Ohio, trustee in bankruptcy.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff trustee in the above captioned adversary proceeding has filed a complaint in which he seeks a declaratory judgment to determine whether he must pay certain federal income taxes. Defendant has filed a motion to dismiss the complaint.

Plaintiff is the duly appointed trustee of the estate of the corporate debtor in the related case. The debtor was not operating and on February 14, 1980 filed a petition under Chapter 7, Liquidation, of the Bankruptcy Code. During the pendency of the case, plaintiff deposited into interest bearing accounts, pursuant to 11 U.S.C. § 345(a), certain funds which he received in his capacity as trustee from the liquidation of debtor's assets. During the calendar year 1981, these funds accrued interest in the amount of $3,131.37.

The complaint filed by the plaintiff, trustee of a Chapter 7 corporate debtor which is not operating, seeks a declaration that plaintiff need not pay income taxes to the United States upon interest derived from monies which the trustee has invested during the pendency of the case.

Defendant United States contends in the motion to dismiss pursuant to Bankruptcy Rule 712 and Rule 12 of the FRCP that plaintiff's complaint does not state a claim upon which relief can be granted since § 6012(b)(3) of the Internal Revenue Code requires the filing of a return on income earned by a trustee who holds title to all the property of a bankrupt corporation. The trustee contends in opposition that since the corporation had already ceased doing business, the monies earned from the placing of liquid assets in an interest bearing account are not corporate income. Therefore the return filed by the trustee was not a return filed on behalf of the corporation, but a return on behalf of the trustee, a separate entity, and not subject to the same determination of tax liability. At hand here are competing considerations. The government contends that the trustee has realized income which in normal and usual course should be subject to tax. The plaintiff trustee asserts that taxation is inappropriate as inconsistent with the objective of maximizing estate funds and thus enhancing the recovery of unsecured creditors without any tax liability. We hold the motion to be well taken, and the trustee obligated to pay the tax in question.

This case arose after the advent of the Bankruptcy Code. The present taxability question arises from the investment by the trustee of the money of the estate pursuant to § 345 of the Code. This authorization in the statute was entirely new and had no antecedent in the Bankruptcy Act of 1898. Section 345(a) provides:

"§ 345, Money of Estates.

(a) A trustee in a case under this title may make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

The Bankruptcy Code, however, provides no guidance for the tax consequences to a trustee utilizing § 345(a). It seems to us inescapably to follow that the general tax laws of the United States must be applied.

We base our conclusion that the trustee must pay federal income tax on interest directly upon § 6012(b)(3) of the Internal Revenue Code. We are not made aware of any statutory exceptions. That section provides:

"§ 6012. Persons required to make returns of income.

(b)(3) In a case where a receiver, trustee in a case under title 11 of the United States Code, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all of the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns."

It is clear from the plain language of this statute that the trustee in a case such as that before us is required to file a federal income tax return. With 26 U.S.C. § 6012 must be coupled 26 U.S.C. § 6151 which simply provides that when it is required that a tax return be filed, then the person required to file the return must pay the tax.

In arguing for a contrary result the trustee contends, citing *In re Samoset Associates,* 5 C.B.C.2d 1052, 14 B.R. 408 (B.J.D. Me., 1981), that custodial activities including placing liquid assets in interest bearing accounts constitute activities of the trustee as an entity separate and distinct from those of the debtor, and *Samoset* holds there is no tax liability to the trustee in such circumstances. This contention of the trustee is without merit. The *Samoset* case involved a partnership, not a subject of 26 U.S.C. § 6012, and is thus distinguishable from the case before us.

Accordingly, the motion of defendant United States to dismiss will be granted.